**Conrad PLUMMER, Plaintiff,**

v.

**HUMANA OF KANSAS, INC., Defendant.**

**Civ. A. No. 86–2512–S.**

United States District Court, D. Kansas.

Oct. 12, 1988.

Thomas D. Kelley, Jr., Kelley Law Offices, Overland Park, Kan., Stephens A. Smiley, Olathe, Kan., and Ruth M. Benien, Shamberg, Johnson, Bergman & Goldman, Chtd., Overland Park, Kan., for plaintiff.

E.J. Holland, Jr. and Georgann H. Eglinski, Spencer, Fane, Britt & Brown, Kansas City, Mo., and Josephine A. Mayer, Overland Park, Kan., for defendant.

MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendant's motion for summary judgment. Plaintiff Conrad Plummer ("Plummer") brought this breach of contract action after he was terminated from his employment with defendant Humana of Kansas, Inc. ("Humana"). Defendant now seeks summary judgment on the grounds that the uncontroverted facts show no contract of employment existed between Plummer and Humana. Defendant further contends that even if a contract did exist, Humana properly terminated Plummer under the terms of the contract, and Plummer is barred from bringing this claim under the contract because he failed to exhaust the grievance procedures provided in the contract.

The uncontroverted facts for purposes of this motion are as follows. Plummer was employed by Humana from 1979 to February 1985. Immediately prior to his termination, Plummer had several disagreements with his immediate supervisor. He was ultimately given the choice to resign or be terminated; he chose termination, and received all severance and vacation pay to which he was entitled. Prior to his termination, he had received one negative written evaluation of his work. However, he did not receive a verbal warning, a written warning, or a suspension before being terminated.

At the beginning of each employee's tenure with Humana, Humana distributes an "Employee Handbook" to all employees. The Handbook explains the general policies and procedures of Humana, and tells employees that the Handbook is a summary of the Manager's Manual available to any employee upon request. At the time each employee is given a Handbook, they are asked to sign a statement which reads: "I acknowledge receipt of the Humana Employee handbook. I will read the policies within a week, ask my supervisor about points I do not understand, and do hereby agree to accept and abide by these policies for the duration of my employment." Plummer received a copy of the Handbook when it was first issued in 1981, and he signed the acknowledgement.

The introductory page to the Handbook provides in part:

Humana intends to continue the policies and services described in this handbook and the Manager's manual. Humana does reserve the right to revise or discontinue them at any time. In such event an employee may, as her/his sole recourse, use the complaint and grievance procedure explained elsewhere in this handbook.

The introduction went on to state that, "Neither this handbook nor the Manager's Manual represents an employee contract, in whole or in part, for any duration between Humana and its employees." In the section entitled "Resignation and Termination," the manual provides that an employee may be discharged either "for cause" or "at the convenience of the hospital." That same section also provides a progressive disciplinary procedure using verbal reprimands, written reprimands, suspensions, and termination. The Manager's Manual to which the Handbook refers provides that the progressive disciplinary procedure shall be employed in the termination of an employee "at the convenience of the hospital." Humana maintains that Plummer was terminated "at the convenience of the hospital."

A moving party is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. Fed.R.Civ.P. 56(c); *Maughan v. SW Servicing, Inc.*, 758 F.2d 1381, 1387 (10th Cir.1985). An issue of fact is "material" only when the dispute is over facts that might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The requirement of a "genuine" issue of fact means that the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* Thus, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Id.* The court must consider factual inferences tending to show triable issues in the light most favorable to the existence of those issues. *United States v. O'Block*, 788 F.2d 1433, 1435 (10th Cir.1986). The court must also consider the record in the light most favorable to the party opposing the motion. *Bee v. Greaves*, 744 F.2d 1387, 1396 (10th Cir. 1984), *cert. denied*, 469 U.S. 1214, 105 S.Ct. 1187, 84 L.Ed.2d 334 (1985). The language of Rule 56(a) mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

Defendant first contends that no implied contract of employment existed between Plummer and Humana by virtue of the Handbook. In *Morriss v. Coleman Co.*, 241 Kan. 501, 738 P.2d 841 (1987), the Kansas Supreme Court squarely addressed the issue of whether an employee handbook can be considered to create an implied contract of employment. The handbook at issue in *Morriss* contained a disclaimer similar to that contained in the Handbook presently at issue. The court noted that "[t]he disclaimer.... does not as a matter of law determine the issue. It has not been established that the disclaimer was brought to the personal attention of its employees or that it was intended by [the employer] to create an unqualified employment-at-will

relationship." *Id.* at 514, 738 P.2d at 849. The court was especially swayed by the fact that other statements in the manual indicated that no employee would be dismissed except for "good cause." The court concluded that an issue of fact was presented regarding whether an implied contract existed, and summary judgment was therefore inappropriate.

Unlike *Morriss,* in the present case Plummer acknowledged that he would read the Handbook within a week of receiving it, and he agreed in writing to abide by its terms. Further, unlike *Morriss,* there is no evidence that management indicated dismissals would only be "for cause." Plaintiff has shown the court no evidence which would indicate Humana intended to create anything other than an "unqualified employment-at-will relationship." *Id.* In fact, the uncontroverted facts show that Humana did intend to create an employment-at-will relationship, because it provided for termination "at the convenience of the hospital." No issue of intent is presented because plaintiff shows the court no evidence which would indicate Humana intended to create an employment contract. The facts here are dissimilar to those in *Morriss,* and summary judgment is appropriate on the grounds that no implied employment contract existed.

Even if an employment contract did exist, Plummer would certainly be bound by that contract's terms. The Handbook provided that if an employee felt Humana had violated its own policies, the employee's sole recourse was to use the grievance procedure. Plummer admits that he failed to use Humana's grievance procedure after Humana terminated him without following progressive disciplinary procedures. In fact, his only excuse for failing to use the procedure as required by the Handbook is that he did not believe the grievance procedure applied to him. He points to no provision in the Handbook or Manager's Manual or any statement by Humana management which would provide a basis for his belief. This is insufficient to meet the burden placed upon a plaintiff faced with a summary judgment motion. Therefore, even if a

contract did exist, summary judgment is appropriate because plaintiff failed to follow the company grievance procedure as required by the contract. Having decided summary judgment is proper on these grounds, the court need not address Humana's argument that it properly terminated Plummer under the provisions of the Handbook.

IT IS BY THE COURT THEREFORE ORDERED that defendant's motion for summary judgment is granted.